IN THE UNITED STATES DISTRICT COURT OF NEBRASKA

| | |
|---|---|
| JAMES J. SCHINCO, personally, and as father and next friend of A.S., a minor child and I.S., a minor child, and ALEXIS SARMIENTO,<br><br>Plaintiffs,<br><br>v.<br><br>AMY SCHINCO,<br><br>Defendant. | CASE NO. CV 18-27<br><br>**COMPLAINT<br>AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs, and for their causes of action against the Defendant, state and allege as follows:

### PERSONAL JURISDICTION AND VENUE

1. Plaintiff JAMES J. SCHINCO is a residence of the State of Texas and Plaintiff ALEXIS SARMIENTO is a resident of the State of Arizona; A.S. and I.S. are minor children and are residents of the State of Nebraska.

2. On information and belief, there are unknown plaintiffs who were illegally wiretapped or recorded without their consent as set forth herein.

3. Defendant AMY SCHINCO (hereinafter "SCHINCO") is a resident of Omaha, Douglas County, Nebraska.

4. On information and belief, there are unknown defendants who assisted the named Defendant in the illegal activity described herein and/or distributed, copied, used, endeavored to use, or transmitted illegal recordings of the Plaintiffs.

5. Venue is proper because the Defendant resides in the State of Nebraska and/or some or all of the events upon which Plaintiffs' cause of action are based occurred in the State of Nebraska.

6. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367(a) as this action arises under 18 U.S.C.A. § 2510 et seq. as more fully appears hereinafter. Plaintiffs invoke the pendent jurisdiction of this Court to hear and decide claims arising out of state law.

### GENERAL ALLEGATIONS

7. At some time in 2017 the Defendant placed a recording device or recording devices in real property located at 1214 North 136th Avenue, Omaha, Nebraska.

8. The Defendant recorded multiple conversations between and among the Plaintiffs in 2017 and 2018.

9. On information and belief, the Defendant recorded all conversations that took place in the real property identified in Paragraph 7 after devices were installed. As a result, there may be multiple other potential plaintiffs. In addition, the Defendant installed recording devices in the home at 1206 North 136th Avenue, Omaha, Nebraska. The nature and extent of these recordings and the persons recorded are unknown.

10. The intercepted communications between or among Plaintiffs and/or others, were distributed and used by the Defendant. On information and belief, Defendant collected and transcribed or otherwise transferred the recordings to other devices and to other unknown persons. Any of those individuals who received the illegal recordings and copied same, endeavored to use same, disclosed or communicated or transferred same are potential defendants in this action.

11. Defendant intercepted said communications without the knowledge or consent of the Plaintiffs (and other potential plaintiffs) constituting: an invasion of Plaintiffs' privacy, including trespass into the Plaintiffs' seclusion; public disclosure of private facts; and a violation of the federal Wiretap Act and Nebraska Telecommunications Consumer Protection Act.

12. Defendant knew by placing the recording devices inside the real property she would record conversations to which she would not otherwise be privy.

13. On information and belief, after several weeks or months of recording, Defendant copied the recordings to another memory device or computer or transcribed some or all of the recordings, and brought the recordings to the attention of her counsel and others in an effort to present evidence in her divorce and/or protection order cases. On information and belief, the recordings were presented to counsel and others in a digital format using data storage devices.

### I. VIOLATION OF 18 U.S.C.A. § 2510 ET SEQ. ("WIRETAP ACT")

14. Plaintiffs restate and reallege paragraphs 1 through 13 above.

15. Defendant engaged in one or more of the following acts in violation of federal law: (a) Defendant intentionally intercepted, endeavored to intercept, or procured other persons

to intercept or endeavor to intercept oral communication; (b) Defendant intentionally disclosed, or endeavored to disclose, to other persons the contents of oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of the above-referenced law; and/or (c) Defendant intentionally used, or endeavored to use, the contents of oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of the above-referenced law.

16. As a result of Defendant's conduct, Plaintiffs are entitled to damages and other relief against the Defendant as set forth in 18 U.S.C.A. § 2520 (2008), including statutory damages of Ten Thousand Dollars ($10,000.00), punitive damages, and reasonable attorney's fees and other litigation costs reasonably incurred.

## II. INVASION OF PRIVACY AND CONSPIRACY TO COMMIT INVASION OF PRIVACY

17. Plaintiffs restate and reallege paragraphs 1 through 16 above.

18. Plaintiffs had an objectively reasonable expectation of seclusion and solitude in a private home or office and in the conversations that may take place therein. The conversations between the Plaintiffs were private, and Plaintiffs had a right to keep the content of such conversations private.

19. Defendant combined to accomplish by concerted action with others an intrusion upon the Plaintiffs in their place of seclusion by her conduct as described herein.

20. The intrusion upon the Plaintiffs in their places of seclusion as described herein would be highly offensive to a reasonable person.

## III. VIOLATION OF THE TELECOMMUNICATIONS CONSUMER PROTECTION ACT (NEB. REV. STAT. § 86-271 ET SEQ.)

21. Plaintiffs restate and reallege paragraphs 1 through 20 above.

22. Defendant's conduct violated Neb Rev. Stat. § 86-2,103 (Reissue 2002) and Neb. Rev. Stat. § 86-290 (Reissue 2002).

23. As a result of Defendant's conduct, each Plaintiff is entitled to damages and other relief against Defendant as set forth in Neb. Rev. Stat. § 86-297 (Reissue 2002), including Ten Thousand Dollars ($10,000.00) and reasonable attorney's fees and other litigation costs reasonably incurred.

### IV. MENTAL SUFFERING

24. Plaintiffs restate and reallage paragraphs 1 through 23 above.

25. Plaintiffs have incurred and continue to incur mental suffering as a result of the Defendant's invasion of the Plaintiffs' privacy and conspiracy to commit invasion of their privacy.

26. As a result of Defendant's infliction of mental suffering, the Plaintiffs are entitled to damages in order to recover fully for the wrong imposed by the Defendant.

### IV. SPOLIATION OF EVIDENCE

27. Plaintiffs restate and reallege paragraphs 1 through 26 above.

28. On information and belief, Defendant intentionally destroyed physical evidence of her wiretapping activities.

29. Defendant's actions in destroying the evidence constitutes an admission of engaging in wrongful wiretapping and recording and Plaintiffs are entitled to an inference related to same.

30. While not currently recognized as a separate cause of action under Nebraska law Plaintiffs have separately stated the spoliation claim for ease of reference.

WHEREFORE, Plaintiffs request that this Court:

A. Award punitive damages against Defendant;

B. Award statutory damages for federal and state claims for each Plaintiff against the Defendant in the amount of $10,000.00;

C. Award general damages for harm to the Plaintiffs' interest in privacy in an amount to be determined at trial;

D. Award special damages in an amount to be determined at trial;

E. Award the costs of this action, including attorney's fees, to Plaintiffs; and

F. Award such other relief as the Court may deem just and equitable.

### JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby demand trial by jury on all issues and designate the United States District Court for the District of Nebraska sitting in Omaha, Nebraska as the place of trial.

JAMES J. SCHINCO, personally, and as father and next friend of A.S., a minor child and I.S., a minor child, and ALEXIS SARMIENTO, Plaintiffs

By: /s/ John A. Kinney
John A. Kinney, #20524
Jill M. Mason, #23960
KINNEY MASON, P.C., L.L.O.
900 South 75th Street
Omaha, NE 68114
Telephone: (402) 905-2220
Facsimile: (402) 905-2224
jkinney@kinneymason.com
jmason@kinneymason.com

ATTORNEYS FOR PLAINTIFFS

STATE OF ARIZONA     )
                     ) ss.
COUNTY OF MARICOPA   )

I, JAMES J. SCHINCO being first duly sworn on oath, depose and state that I am one of the named Plaintiffs in the above captioned case and that I have read the contents of the foregoing Complaint and that the same are true as I verily believe.

James J. Schinco, Plaintiff

SUBSCRIBED AND SWORN to before me, the undersigned the 26th day of January, 2018.

Notary Public

CHRISTOPHER D CASTRO
Notary Public – Arizona
Maricopa County
My Comm. Expires Feb 21, 2021

5